IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIOUS MOLINA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-994 |
| | : | |
| v. | : | |
| | : | |
| NORTHAMPTON COUNTY ELECTIONS DEPARTMENT, NORTHAMPTON COUNTY DEPARTMENT OF CORRECTIONS, AMY COZZE, JAMES C. KOSTURA, and DAVID J. PENCHISHEN, | : : : : : : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 29th day of September, 2021, after considering the application for leave to proceed *in forma pauperis* (Doc. No. 1), the complaint (Doc. No. 2), and the prisoner trust fund account statement (Doc. No. 3) filed by the *pro se* plaintiff, Darious Molina ("Molina"); and for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **AMEND** the docket to reflect that Molina is currently incarcerated at SCI – Smithfield, 1120 Pike Street, Huntingdon, PA 16652. In addition, the docket shall reflect that Molina is assigned Inmate No. QL3349;

2. The clerk of court shall **MAIL** a copy of this order and the separately filed memorandum to Molina at SCI – Smithfield;

3. The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and Molina has leave to proceed *in forma pauperis*;

4. Darious Molina, Inmate No. QL3349, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court

directs the Warden of SCI – Smithfield or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Molina's inmate account; or (b) the average monthly balance in Molina's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Molina's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Molina's inmate account until the fees are paid. Each payment shall refer to the docket number for this case, Civil Action No. 21-994;

    5.    The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of SCI – Smithfield;

    6.    The complaint (Doc. No. 2) is **DEEMED** filed;

    7.    The complaint (Doc. No. 2) is **DISMISSED WITHOUT PREJUDICE**, except for Molina's specific claims against the Northampton County Elections Department and the Northampton County Department of Corrections, as those claims are **DISMISSED WITH PREJUDICE**;

    8.    Molina is **GRANTED** leave to file an amended complaint within **thirty (30) days** of the date of this order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the factual basis for Molina's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Molina should be mindful of the court's

reasons for dismissing the claims in his initial complaint as explained in the court's memorandum opinion. Upon the filing of an amended complaint, the clerk of court shall not make service until so ordered by the court;

9. The clerk of court is **DIRECTED** to send Molina a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Molina may use this form to file his amended complaint if he chooses to do so;[1]

10. If Molina does not wish to amend his complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing this case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case;[2] and

11. If Molina fails to file any response to this order, the court will conclude that Molina intends to stand on his original complaint and will issue a final order dismissing this case.[3]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] This form is available on the court's website at: https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding that "the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on complaint may be inferred from inaction after issuance of order directing plaintiff to take action to cure defective complaint). The court notes that the six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to

comply with court's order, which would require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam) ("When a District Court dismisses a complaint without prejudice and with leave to amend, a plaintiff who believes that his or her existing allegations are sufficient can elect to decline amendment. Elansari has done so here because he did not amend his complaint within the time permitted and instead argues on appeal that his allegations are sufficient. A plaintiff who takes that approach is not necessarily "failing to prosecute." Thus, to avoid confusion, a District Court faced with this situation should simply enter an order converting its previous dismissal without prejudice into a dismissal with prejudice on the merits." (internal citations omitted)). Indeed, a district court need not conduct a *Poulis* analysis when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.* 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).